UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

KIRBY BOGGS                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:15CV-P24-JHM

TERRY ELDER, JAILER                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Kirby Boggs' *pro se*

complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow

Plaintiff to file an amended complaint.

## I. SUMMARY OF FACTS AND CLAIMS

Plaintiff, a convicted inmate currently incarcerated at the Roederer Correctional

Complex, filed his complaint pursuant to 42 U.S.C. § 1983 alleging violation of his Eighth

Amendment rights during his detention in the Webster County Jail. He brings this action against

Webster County Jailer Terry Elder in his official capacity seeking monetary damages in the

amount of $75,000 and payment of his medical bills.

According to the complaint, Plaintiff was attacked at the Webster County Jail on June 16,

2014, by another inmate. As a result of the attack, his "eye socket and cheek bone" were

"shattered." The jail doctor on call told the jail staff to take Plaintiff to the emergency room, but

Jailer Elder "over rode the doctors orders" and placed Plaintiff in the holding tank on the

concrete floor with a thin mattress. Plaintiff maintains that his nose bled for hours, that his face

"swelled severely," and that "I lost most of the vision in my left eye all I could see was white I

was in a lot of pain I begged the staff to take me to the E.R. all night But they keep saying the

jailer said no." Plaintiff contends that when the doctor came in the next day, he could not believe Plaintiff's condition and asked what the ER doctor said. After the nurse told him the jailer refused to take Plaintiff to the ER, the doctor became mad and ordered the staff to take Plaintiff to the ER immediately.

Plaintiff reports that "a Cat-scan" revealed the left side of his face was "shattered" and "looked like someone had punched a windshield it was busted so bad." He further alleges that the "deputy that [t]ook me was trying to control what the doctor could do for me medication wise which was none of his bussiness I was put in Isolation for 3 weeks in a little 6ft by 10ft cell I was in severe pain the hole time and all they would do for me is give me some Ibuprophen."

Plaintiff reports that he still does not have all of the feeling back in his face and that he still has "bad headaches all the time."

## II. <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.  ANALYSIS

Plaintiff sues Defendant Elder in his official-capacity only.  Official-capacity claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official-capacity claims against Defendant Elder, therefore, are actually against Webster County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff has not alleged that his injuries were the result of Webster County policy or custom.  Nothing in the complaint demonstrates that the action or inaction of anyone at Webster County Jail occurred as a result of a policy or custom implemented or endorsed by the county.  The complaint, therefore, fails to establish a basis of liability against Webster County and fails to state a cognizable § 1983 claim against its employee, Defendant Elder in his official capacity.

Before dismissing the action, however, the Court will provide Plaintiff with an opportunity to amend the complaint to sue Defendant Elder in his individual capacity.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can

allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").  The Court additionally will allow Plaintiff to amend the complaint to provide additional details surrounding his claim that he was placed in isolation for three weeks and given only ibuprofen while in extreme pain, including naming any additional Defendants who may have been involved in the claim.

Consequently, for the reasons above and being otherwise sufficiently advised,

**IT IS ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint** suing Defendant Elder in his individual capacity and providing additional details surrounding his claim that he was placed in isolation for three weeks and given only ibuprofen while in extreme pain.  The **Clerk of Court is DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.  The amended complaint will be reviewed pursuant to 28 U.S.C. § 1915A(b).

**Should Plaintiff fail to file an amended complaint within the time allotted, the Court will enter an Order dismissing the entire action for failure to state a claim upon which relief may be granted.**

Date:  June 9, 2015

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
       Webster County Attorney
4414.005