UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**KIRBY BOGGS**                                                                                    **PLAINTIFF**

v.                                                                           **CIVIL ACTION NO. 4:15CV-P24-JHM**

**TERRY ELDER, JAILER**                                                                            **DEFENDANT**

**MEMORANDUM OPINION**

    Plaintiff Kirby Boggs filed a *pro se* action pursuant to 42 U.S.C. § 1983. By Order entered April 11, 2016, the Court performed an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A, and allowed the amended complaint to continue against Jailer Elder, directed service, and set scheduling deadlines (DN 12). On April 27, 2016, the copy of that Order mailed to Plaintiff was returned to the Court by the United States Postal Service with the returned envelope marked "Return to Sender," "Addressee no longer here," and "Unable to Forward" (DN 15).

    Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

    Review of the docket sheet reveals that over two months have passed without Plaintiff providing any notice of an address change. Consequently, neither orders from this Court nor filings by Defendants can be served on him. The Court, therefore, concludes that Plaintiff has

abandoned any interest in prosecuting this case and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: July 11, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel for Defendant
4414.005